UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MORRISON CONSTRUCTION, SERVICES, INC., a foreign corporation, <br><br> Defendant. | No. CV-04-5015-AAM <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is plaintiffs' Motion for Summary Judgment (Ct. Rec. 18), heard without oral argument.

**I. BACKGROUND**

Plaintiffs filed this action on January 28, 2004 under Section 301 of the National Labor Relations Act (NLRA), as amended, 29 U.S.C. §185, and under Section 502 of the Employees Retirement Income Security Act (ERISA), 29 U.S.C. §1132, for defendant's failure to pay full contributions to the Northwest Sheet Metal Workers Welfare Fund ("Welfare Fund") on behalf of its apprentice employees beginning in October 2003. On June 17, 2004, defendant paid, "under protest and without prejudice," all the amounts sought by the plaintiffs in contributions, liquidated damages and interest. In September 2004, plaintiffs filed a motion for summary

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-1**

judgment regarding a counterclaim asserted by defendant alleging that plaintiffs had falsely represented to others that defendant had not made required contributions, and seeking damages for being denied industry funds as a result of those representations.  This motion was granted by this court in an order dated October 25, 2004 (Ct. Rec. 17).

The defendant is a signatory to a Labor Management Agreement ("LMA") between the Inland Northwest Sheet Metal Contractors Association and Sheet Metal Workers Local 66. Local 66 filed a grievance regarding defendant's failure to make the aforementioned contributions and on April 15, 2005, a panel of the National Joint Adjustment Board issued a decision finding that defendant was obligated to make the contributions.  On April 19, four days later, plaintiffs moved for summary judgment seeking a declaration that at the time their action was filed in this court (January 28, 2004), they were entitled to the contributions sought from defendant and, as a result, they are also entitled to attorneys' fees and costs incurred in bringing the action.

Defendant contends plaintiffs are entitled only to fees and costs incurred in the "collection of contributions" and since defendant paid the contributions in June 2004, albeit under protest, plaintiff should only receive fees and costs "incurred pre-complaint, in filing the Complaint and in presenting the panel's decision."[1]  Defendant further contends plaintiffs are not entitled to fees related to defendant's counterclaim because that was "unrelated to the collection action."

**II. DISCUSSION**

By the aforementioned LMA, the defendant was obligated through a Welfare Trust Fund Agreement to make contributions to the Welfare Fund managed by plaintiffs.  Defendant asserts that plaintiffs claim fees and costs under this Trust Agreement.  As plaintiffs point out, however, their Complaint seeks fees and costs pursuant to Section 502(g)(2) of the ERISA, 29 U.S.C.

---

[1] It is undisputed that fees are available on delinquent contributions paid by a defendant after the suit is filed.  *Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1997).

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-2**

§1132(g)(2), which provides for mandatory attorneys' fees and costs "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded." It is undisputed that the contributions were unpaid at the time plaintiffs' suit was filed.[2]

Defendant asserts the dispute over the Welfare Fund contributions could only be decided by the grievance procedure specified in the LMA. Plaintiffs are not parties to the LMA, however, and were not required to seek the contributions through the grievance procedure specified in the LMA. The plaintiff trustees brought the action under ERISA, and the plaintiff Welfare Fund brought the action under the NLRA, which the U.S. Supreme Court has deemed appropriate. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport*, 472 U.S. 559, 575, 105 S.Ct. 2833, 2843 (1985), citing *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 104 S.Ct. 1844 (1984). The plaintiffs' claim was not dependent upon the panel decision, although plaintiffs acknowledge that it was obviously beneficial to them. Plaintiffs note they could have relied upon the same facts the panel relied upon to obtain a decision from this court that defendant owed the contributions sought.

The fact defendant opposes plaintiffs' motion for summary judgment "only" with regard to attorney fees, and the fact defendant does not oppose an award of all the fees requested, is an acknowledgment that there is still a live judicial controversy between plaintiffs and defendants,

---

[2] 29 U.S.C. §1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Defendant is a member of a multiemployer bargaining unit, Inland Northwest Sheet Metal Contractors Association, which, by its collective bargaining agreement with Local 66, was obligated to make contributions to a multiemployer plan, that being the Northwest Sheet Metal Workers Welfare Fund.

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-3**

1  notwithstanding the panel decision. Defendant does not oppose plaintiffs' request that this court
2  declare on summary judgment that the contributions were due on the date plaintiffs' Complaint
3  was filed. Such a declaration would be unnecessary if the panel decision sufficed to resolve the
4  dispute between plaintiffs and defendant.

5  Defendant notes that at the time this action was filed (January 28, 2004), Local 66 had
6  already filed grievances (September 2003) pursuant to the LMA regarding the unpaid
7  contributions. Those grievances were not resolved through the first two steps of the dispute
8  resolution procedures contained in the LMA and so on October 21, 2004, Local 66 moved the
9  grievances to the third step which is a hearing before the National Joint Adjustment Board. The
10  hearing before the panel was conducted on February 11, 2005, and the decision rendered on
11  April 15, 2005. Defendant contends plaintiffs could do nothing to resolve the dispute and that it
12  (defendant) could do nothing alone to resolve the dispute. Defendant says that until April 15,
13  2005, "the parties could only agree to disagree and wait for the final decision from the
14  grievance/arbitration procedure." Defendant adds that the fact plaintiffs filed the pending
15  summary judgment motion four days after the panel decision is proof certain that plaintiffs could
16  only wait on the final outcome of the grievance process to resolve the matter.

17  Had the panel decision gone in favor of Inland Northwest Sheet Metal Contractors
18  Association, that would not have precluded the plaintiffs from continuing to pursue this action
19  with the hope (however slight) of obtaining a different outcome in this judicial forum. To that
20  end, plaintiffs may have still filed a summary judgment motion, albeit without reliance on the
21  panel decision and arguing against its reasoning. And it is likely that defendant would have filed
22  its own summary judgment motion, relying on the panel decision in favor of Inland Northwest
23  Sheet Metal Contractors Association.

24  The court's scheduling order, entered July 1, 2004, provided a date of May 6 by which
25  discovery was to be completed. It also provided a date of May 27 by which all dispositive
26  motions needed to be heard. In order to comply with the latter deadline, plaintiffs needed to file
27  their summary judgment no later than April 27, which they accomplished by filing their motion
28  on April 19. There is no indication that defendant endeavored at anytime before the April 15

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-4**

panel decision, to reach an agreement with plaintiffs regarding staying discovery and/or the filing of summary judgment motions pending the outcome of the grievance proceeding. There is no indication that defendant endeavored on or after April 15 to negotiate an agreement with plaintiffs so they would not file the instant summary judgment motion. Plaintiffs acted reasonably in conducting discovery and preparing a motion for summary judgment, not knowing what the outcome of the grievance proceeding would be and indeed, regardless of what the panel decision might be, and then filing their motion promptly after the decision was rendered, relying on it as being binding upon the defendant.[3] Defendant also acted reasonably in deciding to wait for the panel decision, and it certainly was not required to seek a stay of the litigation or to negotiate any agreement with the plaintiffs regarding the litigation because of the pending grievance proceeding. The defendant, however, must now bear the consequences of its gamble that the panel decision would come down in favor of Inland Northwest Sheet Metal Contractors Association.

Defendant's counterclaim, if successful, had the potential for offsetting the small amount of the unpaid contributions plaintiffs sought to recoup by way of their Complaint ($215.16, plus $50.23 in liquidated damages and $2.80 in interest) and subjecting the plaintiffs to damages well in excess of the unpaid contributions. The counterclaim arose out of the transaction or occurrence that was the subject of plaintiffs' claim and therefore, amounted to a compulsory counterclaim under Fed. R. Civ. P. 13(a). *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 171 (2nd Cir. 1984). Defendant did not oppose plaintiffs' motion for summary judgment on the counterclaim and, as such, the motion was granted on October 25, 2004. (Ct. Rec. 17).

---

[3] All of the hours claimed for "Pre-Complaint and Complaint and answering Counterclaim" occurred over a year before April 15, 2005, and for that matter, well before defendant paid the contributions under protest on June 17, 2004. A significant amount of the hours claimed for discovery-related work occurred prior to June 17, 2004, and all of it occurred many months before the April 15, 2005 panel decision. Plaintiffs' counsel began work on the instant summary judgment motion on March 17, 2005, approximately one month before the panel decision. Of the 33.45 hours total claimed for preparation of the motion, all but 3.75 hours was incurred before April 15. (See Ex. 2d to Brennan Declaration, Plaintiffs' Statement of Material Facts).

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-5**

1  Accordingly, plaintiffs are entitled to attorneys' fees and costs for defending against the
2  counterclaim.
3       Defendant makes no argument that the number of hours claimed by plaintiffs' counsel
4  and the hourly rates charged are unreasonable. This court finds those hours and rates are
5  reasonable. Accordingly, plaintiffs will be awarded attorneys' fees in the sum of $41,090.75,
6  which also includes the fees incurred in preparing exhibit and witness lists (due May 13) and the
7  reply to defendant's summary judgment response. Defendant makes no objection to the costs
8  claimed by plaintiffs and the court finds those costs are reasonable.

### III. CONCLUSION

     Plaintiffs' Motion For Summary Judgment (Ct. Rec. 18) is **GRANTED**. Pursuant to the ERISA and the NLRA, plaintiffs are entitled to the contributions from defendant which were unpaid at the time this action was commenced. Pursuant to the ERISA, plaintiffs are entitled to attorneys' fees in the sum of $41,090.75, and costs in the sum of $2,326.94.

     **IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to counsel, and close this file.

     DATED this  2nd  of June, 2005.

     s/ Alan A. McDonald
     ALAN A. McDONALD
     Senior United States District Judge

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT-6**